I respectfully dissent. I agree with the majority's analysis that Juv.R. 2(X), not Civ.R. 24, dictates who may be made a party to a juvenile proceeding and such determination is left to the sound discretion of the trial court.
In this case, however, I believe the trial court abused that discretion when it failed to join Rhonda P. as a party to the action. Ms. P. was: (1) joined by LCCS in her request to be made a party; (2) virtually assured, by stipulation, that she would be given custody of Juanya's siblings; (3) a relative of Juanya; and (4) the person who had physical custody of Juanya prior to the hearing. Under these circumstances, the court's failure to allow Rhonda P. to participate as a party, in my view, was unreasonable.